## Huntley, receiver &c., *vs.* Merrill.

A policy of insurance against fire, issued by a mutual insurance company, is not void because it is, by its terms, to extend beyond the time limited by the charter of the company, for its corporate existence.

An insurance made by a mutual insurance company created by the laws of this state, upon property situated in the state of Pennsylvania, when the contract is made by the company itself, at its office here, is not void as being in violation of the laws of Pennsylvania.

A mutual insurance company may effect insurances upon property in Pennsylvania, without the intervention of an agent located there, provided the contract be made by the company itself, at its office here. And in such a case the proviso in the statute of Pennsylvania, passed in 1849, requiring every agent of a foreign insurance company to file in the office of the secretary of state a duplicate copy of his appointment, has no application.

MOTION for a new trial upon exceptions first heard at a general term.

*D. H. Balls,* for the plaintiff.

*A. G. Rice,* for the defendant.

Huntley *v.* Merrill.

*By the Court,* MARVIN, P. J.   The action was upon a premium note, made by the defendant to the Cattaraugus County Mutual Insurance Company, of which company the plaintiff had been duly appointed receiver.   The property insured was in Bradford, McKean co. Penn., and the defendant resided there, and all the negotiations touching the insurance and note were had at Bradford, by the defendant, with one McKay, who was authorized by the company to make surveys and receive applications for insurance.   McKay had no power to ratify or approve applications, or issue policies, or make contracts of insurance.   He was furnished by the company with blank applications and premium notes, and the defendant employed him to make the survey and fill up the application, and to transmit them and the note to the office of the company at Ellicottville, in this state.   They were so transmitted, and the company approved the application and sent the policy, by mail, to the defendant.   The defendant put in evidence the charter of the company, and also a statute of Pennsylvania, passed in 1810, declaring that "no body politic or corporate of any foreign state, kingdom or country, &c., by themselves or any agent or agents of such company &c. shall be insurers in any case within this state against loss at sea, or against loss by fire, upon any property within the same ; and all contracts and policies entered into by any such company &c. shall be null and void."   The defendant also proved an act of the legislature of Pennsylvania, passed in 1849, enacting that "any mutual fire insurance company chartered within any of the adjoining states, for the purpose of insuring detached buildings and their contents, whose capital &c. can and may have an agency or agencies, and can and may become insurers in any case whatever, (except within certain specified limits,) legitimately appertaining to their business, and not contrary to the laws of this commonwealth. Provided, that every agent of such association or company shall file in the office of the secretary of this commonwealth a duplicate copy of his appointment, under the common or

corporate seal of such company." McKay had never filed any duplicate copy of any appointment as agent.

The defendant's counsel requested the court to direct a verdict for the defendant. Refusal and exception. He then made, and now makes, the points; 1st. That the policy was void because it was to extend beyond the time limited by the charter of the company, for its corporate existence. Also, 2d. That the contract was void as being in violation of the laws of Pennsylvania.

The counsel also requested the court to charge, that the plaintiff was entitled to recover only the amount of the assessment made upon the note. Refusal and exception. The court directed a verdict for the plaintiff, and the defendant excepted.

The first question made was decided in this district, in *Huntley, receiver,* v. *Beecher,* (30 *Barb.* 580,) against the position of this defendant.

I am inclined to think that *Hyde* v. *Goodnow,* (3 *Comst.* 266,) disposes of the second question. In this case, as in that, the contract was made at the office of the company in this state. In that case the statute declared " no policy of insurance of any description, or for any purpose, shall be signed, issued or delivered in this state, nor on any property of any kind situated in this state, by any association, company or corporation not chartered by the laws of this state, except &c.," and the statute made null and void all policies &c. made contrary to its provisions. The case was not within the exception contained in the statute. The plaintiff was permitted to recover, as the contract was made in this state.

But I think there is a conclusive answer in the present case. The act of 1849 enables mutual fire insurance companies of adjoining states to have an agency or agencies in Pennsylvania, and to " become insurers in any case whatsoever," (except within certain places,) legitimately appertaining to their business, and not contrary to the laws of the common-

Huntley *v.* Merrill.

wealth. Then follows the provision requiring the agent to file a duplicate copy of his appointment.

In the present case the company had not appointed any agent to make insurance. It had no agency. The company made the contract itself, at its own office, and the statute authorized the company to become an insurer. The proviso has no application, unless the company establishes an agency. It may transact its own business, without any agent, and its contracts will be valid, being authorized by the act ; thus removing the disability created by the act of 1810, in the case of mutual insurance companies.

The remaining question raised by the defendant's counsel is overruled by the terms of the statute under which the company was organized. If a member neglects so to pay the sum assessed to be paid by him for thirty days, a suit may be brought and the whole amount of the deposit note may be recovered. The statute declares what shall be done with the amount. I know of no law by which the whole amount of the note is not to be recovered in the case of an action upon the note alone, and against the maker only. I will not now inquire whether, in those cases where the corporation has become insolvent, or its charter has expired, proceedings, other than separate actions against each defaulting member, could not be had, that would result in a final disposition of the matters involved, and in collecting from each defaulting member the amount equitably due from him.

The motion for a new trial must be denied, and there must be judgment for the plaintiff.

[ERIE GENERAL TERM, November 12, 1860. *Marvin, Knox* and *Grover,* Justices.]