### THE EUREKA INSURANCE COMPANY v. PARKS & CANFIELD.

The defendants resided at Aurora, Indiana, and were shipping a quantity of hay to New Orleans in barges. Hayes, who also resided in Aurora, sent up to the office of the plaintiff, at Cincinnati, an application for insurance on the hay. The policy was issued, and the suit is for the premium. Hayes received a commission from the plaintiff. The defendants set up as a defense the statute of Indiana, that a foreign insurance company shall not enforce any contract made by an agent in Indiana; and also the act of Indiana, that it shall not be lawful for any agent of a foreign insurance company to take risks, or transact any business of insurance in said State, without first producing a certificate of authority from the auditor of said State.

Eureka Insurance Co. *v.* Parks & Canfield.

*Held,* that the insurance was not to be considered as transacted in Indiana, but in the State of Ohio, where the suit is brought, and is not affected by the law of Indiana against agents of foreign insurance companies. Nor would it be affected in the courts of Ohio, even though the law of Indiana should prevent its enforcement in that'State.

TAFT, J. The defendants reside at Aurora, Indiana. They had several barge loads of hay they were sending to New Orleans. Mr. Hayes, who resides in Aurora, sent up to Cincinnati, and reported the application of the defendants for a policy of insurance. The .policy was issued, or rather two policies on two different applications. The suit is for the premiums on the policies; and the defendants present, as a defense, the act of Indiana, which provides : "Sec. 1. That it shall not be lawful for any agent of any insurance company, incorporated by any other State than the State of Indiana, directly or indirectly, to take risks or transact any business of insurance in this State without first producing a certificate of authority from the auditor of the State," etc., adding the steps to be taken by the agent, none of which were taken on the part of any agent of this plaintiff.

The answer also set up another act, by which it was provided that a foreign insurance company should not enforce any contract made by an agent in Indiana unless qualified by a certificate of the auditor, as above stated. The act to which I have first referred was last enacted, and was set forth in the amended answer, and the act last mentioned was set forth in the original answer. One act made void the contract, a the other forbade the enforcement of it.

The two answers set up both acts; and the question is whether either act applies to this case.

The question is whether this transaction falls within the scope of the Indiana statute so as to cut off the. right of the company to collect premium in the courts of Ohio, where the company is at home, and where the company issued the policy?

It seems to me that the contract of insurance was made

here in Cincinnati, and that Hayes was the agent of the defendants in the procurement of this policy. The object of the legislation in regard to agencies for foreign corporations, in general, is to prevent their establishing offices in the State without placing themselves in a position to be responsible to their customers and the State. It is clear that Hayes, in the present case, had no power to take any risk on behalf of the plaintiff, either in Indiana or Ohio. He could report applications, and for that service or information the company paid him compensation. But the insuring was done here at the home office. It has been held, in 25 Ind. 536, that if a loss be sustained in such a case the company would be liable, even if the policy had been procured by an agent in violation of the law.

There is nothing illegal in this contract, so far as our own State, where it was made, is concerned, and I think our courts could not refuse to enforce it, even if the law of Indiana should declare it void. *McIntyre* v. *Park*, 3 Met. 207; 4 Ind. 96; 2 Dutcher, 268; 3 Dutcher, 645; *Hayes* v. *Colter*, recently decided in the General Term of Superior Court of Cincinnati.

The question has arisen substantially in the New York courts, *Hyde* v. *Goodnow*, 3 Comst. 266, in which it was held that a policy issued in New York, by a New York company, on property in Ohio was valid, notwithstanding the company was limited in its powers of contracting to the State of New York. The contract was deemed a New York contract. *Western* v. *Genesee Mutual Insurance Co.*, 2 Kernan, 258, is very much in point. Also, *Huntley, Receiver*, v. *Merrill*, 52 Barb. 626, which was a suit on a premium note, and so more particularly in point.