AMELIA M. PLATT ET AL. *vs.* JOHN G. CUTLER.

Third Judicial District, New Haven, June Term, 1902.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

Section 1357 of the General Statutes (Rev. of 1902, § 1081) provides that if in an action of summary process it shall be found that the lessee holds over after the termination of the lease, and "does not show a title in himself which accrued after the giving of the lease . . . judgment shall be rendered for the complainant." The lease in question covered a term of one year and contained a provision that it might be renewed for two additional years at the option of the lessee. In an action of summary process against the lessee, who refused to quit possession at the end of the first year, it was *held* that while he might be entitled to a lease for two years more, the renewal provision was not in itself such a lease, nor did it convey any right or interest in the premises to him after the expiration of the first year; and therefore constituted no defense to the action.

Submitted on briefs June 5th—decided July 18th, 1902.

ACTION of summary process, brought before a justice of the peace and by transfer to the City Court of Waterbury,

and tried to the court, *Welch, J.;* facts found and judgment rendered for the defendant, and appeal by the plaintiffs for alleged errors in the rulings of the court.   *Error and judgment reversed.*

The case is sufficiently stated in the opinion.

*Charles G. Root,* for the appellants (plaintiffs).

*Albert P. Bradstreet,* for the appellee (defendant).

TORRANCE, C. J.   In January, 1901, the defendant, as tenant of the plaintiffs, entered into possession of certain premises in Waterbury, under a written lease, for the term of one year from the first day of said month, at a yearly rental of $840, payable in monthly payments of $70 each, on the first day of each month beginning with February 1st, 1901.   The lease, among other things, contained a provision to the effect that if the rent remained unpaid ten days after it became due, the "lease" should expire and terminate; and it also contained the following: "If the conditions of this lease are complied with during the entire time of one year, it is mutually agreed that it shall be renewed on same terms for two additional years, if the party of the second part desires it."

The material facts are in substance these: The defendant never paid the rent at the time it became due, and never, save once in February, 1901, paid it until long after the ten days provided for in the lease had expired.   On the 14th of December, 1901, the rent for the months of October and November of that year being due and unpaid, the agent of the lessors called upon the defendant and requested a check for such rent.   The defendant said he could not then pay it, but would try to pay it during the week following, with which reply the agent "expressed no dissatisfaction."   On December 17th, 1901, the lessors in writing notified the defendant that his lease had "expired and terminated by reason of nonpayment of rent," and that they desired to have possession of the leased premises on the 18th of January, 1902.   On the 21st of December, 1901, the defend-

ant paid to said agent the rent due for October and November of that year, and said agent accepted the same. "During the entire term of the lease prior to December 17th, 1901, the plaintiffs accepted and credited the rent on the lease as it was offered to them from time to time, without any words of dissent, rebuke, or threats of terminating the lease, and there was no evidence presented to show that the plaintiffs were dissatisfied with the defendant as a tenant prior to December 17th. On December 28th, 1901, the defendant paid to the plaintiff the sum of $70, which was the rent due under the provisions of said lease for the month of December, and which did not become due until January 1st, 1902, and which payment completed the twelve payments provided for in the lease. The defendant paid said money on December 28th, to be applied on the lease. He did not at the time of payment express that intention in words. The plaintiffs received and accepted the money in the same manner in which they had received and accepted all previous payments, and gave the usual receipt therefor." On the first day of each month during 1901, the plaintiffs delivered to the defendant a bill of the rent due on that day; and this constituted the only demand ever made for said rent "with the exception of the interview of December 14th, 1901." On December 24th, 1901, the defendant notified the plaintiffs in writing that he desired to renew the lease of the premises for two years from January 1st, 1902, "on the same terms as were set forth in the original lease;" and four days later the plaintiffs informed the defendant in writing, that he had not complied with the conditions of the lease and was not entitled to a renewal, and that they refused to renew it. On January 7th, 1902, the plaintiffs duly notified the defendant to quit possession of the leased premises "on or before the 18th day of January, 1902." He refused to do so and still holds such possession. This action was brought on the 21st day of January, 1902.

Upon these facts the plaintiffs claimed, among other things, that they were entitled to judgment because the lease had terminated by lapse of time. This claim the court overruled,

and in so doing we think it erred. The complaint alleged two grounds of recovery : (1) that the lease had expired, before the end of the term, by reason of breach of condition; (2) that it had expired by lapse of time. . If either of these allegations was true the plaintiffs were entitled to recover. In cases of this kind the statute provides that if "it shall be found that the defendant is the lessee of the complainant, and holds over after the termination of the lease, and that due notice to quit has been given as above provided, yet that the defendant holds possession after the expiration of the time therein specified, and the defendant does not show a title in himself, which accrued after the giving of the lease . . . judgment shall be rendered for the complainant." General Statutes, § 1357 (Rev. 1902, § 1081).

Upon the facts found, the trial court decided that the plaintiffs had waived their right to insist upon a forfeiture of any part of the term for breach of condition, and that the first ground of recovery alleged in the complaint did not exist. Assuming, without deciding, that this decision was right, still, if the term had expired by lapse of time, the plaintiffs were entitled to recover unless the defendant could show title in himself which accrued after the giving of the lease, or that the lease had been renewed.. The facts found show no title to the premises in the defendant after December 31st, 1901, and no right to hold possession thereof after that date, unless the facts found with reference to the agreement of renewal conferred upon him such title or right; and clearly those facts had no such effect. The lease was for the term of one year only, and the year had expired. The agreement for renewal conveyed no right nor interest in the premises beyond the term. At most it gave the defendant a right, if he complied with the conditions upon which the right was based, to obtain a lease for two years more, but he did not in fact obtain such a lease. If we assume for the purposes of argument that he was entitled to obtain such a lease, still his request for it was refused. The existence of the agreement on the part of the plaintiffs to give such a lease, the existence of a right on the part of the defendant to have such a

lease, and his request for it, and the refusal of the plaintiffs to give it,—these facts, neither singly nor combined, gave the defendant any right or title in the premises beyond the year 1901, nor any right nor title to the premises in question that could avail him in this action. All these facts, if true, might entitle the defendant to a lease for two years more, but they did not constitute, nor operate as, such a lease; and unless they had this effect they were of no avail in this case.

Whether, upon the facts found, the plaintiffs were legally bound to give the defendant, at the time he asked for it, a lease for two years more, is a question by no means free from doubt, upon which, as it is not necessary to do so, we express no opinion.

In this view of the case it is unnecessary to consider or decide any of the other questions raised in the appeal.

There is error, the judgment appealed from is set aside, and the cause remanded to be proceeded with according to law.

In this opinion the other judges concurred.