THE F. B. FOUNTAIN COMPANY *vs.* MOSES STEIN.

First Judicial District, Hartford, May Term, 1922.
WHEELER, C. J., BEACH, CURTIS, BURPEE and KEELER, Js.

In the present case the plaintiff leased of the defendant's assignor certain premises for a period of five years with the privilege of four renewals, each for a like term, and a later part of the lease recited that if the lessee desired to extend the lease for any term after the first it should give written notice thereof at least thirty days before the beginning of such term. On the third renewal the lessee delayed for four days in giving the required notice of renewal. Both the lessee and its sublessees had erected buildings and made improvements of value on the leased premises, but it did not expressly appear in the finding as to the hardship which would result to the plaintiff lessee from the enforcement of the thirty-day notice. *Held:*—

1. That the giving of this notice was a condition precedent to the taking effect of the renewal term, and no rights to a renewal would vest in the lessee until the condition was complied with literally.
2. That a waiver of such condition could not be found merely from proof that the defendant, the assignee of the original lessor, stated to the plaintiff's agent some months before the expiration of a term preceding the renewal term in question, that he knew all about the terms of the lease, in the absence of any direct reference to the renewal provisions or to the condition.
3. That the case did not present, as it should have done, the loss in detail which would result to the plaintiff from a strict enforcement of this condition, and that this was one of the essential elements to be found before equity could grant relief.

While equity will never grant relief in cases of wilful or gross negligence in failing to fulfil a condition precedent in a lease, it will relieve in

cases of mere neglect to fulfil such a condition where the delay has been slight, the loss to the lessor small, and when not to grant relief would result in such hardship to the lessee as to make it unconscionable to enforce the condition literally.

The plaintiff offered evidence, which the court excluded, of the value of the good-will of the plaintiff's business in its present location: *Held* that this evidence should have been admitted, since it bore directly upon the question of the hardship to the plaintiff of enforcing the defendant's claim.

Argued May 4th—decided August 4th, 1922.

SUIT to secure the renewal of a written lease and for an injunction against ousting the plaintiff meanwhile, brought to and tried by the Superior Court in Middlesex County, *Wolfe, J.;* facts found and judgment rendered for the defendant, and appeal by the plaintiff. *Error and new trial ordered.*

*Gustaf B. Carlson,* with whom was *S. Harris Warner,* for the appellant (plaintiff).·

*John T. Robinson* and *Arthur E. Howard, Jr.,* for the appellee (defendant).

WHEELER, C. J.  The plaintiff claims, by way of equitable relief, a mandatory injunction ordering defendant to renew the lease which it had made with Charles M. Schondorf *et al.* for premises subsequently purchased by defendant.  The term of this lease was for five years from May 1st, 1911, with a privilege of four renewals, each for a five-year period.  The lease provided in a later part that "if the lessee desires to extend this lease for any period after the first five years, then it shall give written notice of such desire to the lessor at least thirty days before the beginning of any such period."  The lease further provided that plaintiff and its sublessees at the termination thereof had the right to remove all buildings erected by them upon the

leased premises within sixty days after such termination, if the lessor should fail to purchase them for an amount equal to the cost of erection. The plaintiff had occupied these premises since 1901, under three certain leases, executed prior to the present lease.

During its tenancy the plaintiff had erected certain small buildings and made improvements on the leased premises which had cost about $8,000, and the replacement value, at the time this action was brought, was much greater. The sublessees had also erected buildings and made improvements to their leased premises which had cost about $8,000, and the replacement value would be a greater sum. In June, 1920, Schondorf *et al.* conveyed these premises to defendant.

In August, 1920, Mr. Fountain, the president and treasurer of plaintiff, and the defendant had a conversation concerning this purchase, and Fountain told defendant that plaintiff had a lease of the premises for a considerable time, to which defendant replied that he knew all about the terms of the lease. Fountain did not then nor at any time except as herein stated, notify defendant that plaintiff intended or desired to renew the lease at the expiration of the then term, and defendant did not then or at any time waive the thirty-day clause. April 4th, 1921, Fountain called upon defendant in regard to certain improvements plaintiff desired to make upon the premises, and was informed by defendant that the lease would not be renewed beyond April 30th, 1921, and that action for the possession of the premises had been begun.

Fountain then said that he had duly sent to defendant for plaintiff a written notice of its intention to renew the lease as provided therein. This statement was untrue. On April 4th, 1921, defendant served written notice on plaintiff to quit possession. On April 4th, 1921, after service of such notice had been

made on plaintiff, and in consequence of it and of notice from defendant that its lease would expire on April 30th, 1921, plaintiff caused to be served on defendant a written notice of its desire to extend its lease for another term of five years from May 1st, 1921, under the lease. This notice was dated March 31st, 1921, but was drawn up on April 4th, subsequent to receipt of the notice to quit from defendant.

The plaintiff argues that since the thirty-day notice clause is detached from the provision for a renewal, it does not affect that provision. All of the clauses of the instrument are to be construed together as a whole, so as to give effect to all of its parts. *I. X. L. Furniture & Carpet Installment House* v. *Berets*, 32 Utah, 454, 91 Pac. 279. Unless the thirty-day notice clause does apply to the renewal provisions, it has no place in the instrument. The only construction which gives it a meaning is to make it applicable to each of the several clauses of renewal. In the view we take of the case no importance attaches to the fact that one of these clauses uses "with the privilege of renewal" and "the right to renew," and the other "if the lessee desires to extend this lease." Aside from this it seems clear that the latter clause was used in the sense of "if the lessee desires to exercise the privilege of renewal." When any term of this lease expired, the lease was at end. "The agreement for renewal conveyed no right nor interest in the premises beyond the term." *Platt* v. *Cutler*, 75 Conn. 183, 186, 52 Atl. 819; *Bluthenthal* v. *Atkinson*, 93 Ark. 252, 257, 124 S. W. 510. "At most it [the agreement for renewal] gave the defendant a right, if he complied with the conditions upon which the right was based, to obtain a lease for two years more, but he did not in fact obtain such a lease." *Platt* v. *Cutler*, 75 Conn. 183, 186, 52 Atl. 819.

The thirty-day clause was a condition precedent to the taking effect of the renewal term. No rights to a renewal could vest until plaintiff had complied with the terms of this condition. "No title has vested and none is to vest until the condition is performed." *Davis* v. *Gray*, 83 U. S. (16 Wall.) 203, 229; *Bluthenthal* v. *Atkinson*, 93 Ark. 252, 257, 124 S. W. 510; *Dikeman* v. *Sunday Creek Coal Co.*, 184 Ill. 546, 56 N. E. 864. Such a condition must be performed before the estate created by the renewal can begin. 1 Wood on Landlord & Tenant (2d Ed.) p. 584. When this lease provided for the giving of a notice by this condition precedent, this requirement could not be dispensed with and must be complied with literally. *Murtland* v. *English*, 214 Pa. St. 325, 329, 63 Atl. 882; 2 Tiffany on Landlord & Tenant, § 223, p. 1532.

Since the thirty-day notice was not given at least thirty days before the expiration of the term of the lease on May 1st, 1921, the plaintiff has no right to relief unless it can establish a waiver, or such facts as will bring it within the power of equity to relieve. And this it claims to have done. The plaintiff bases its claim of waiver upon the conversation of August, 1920. All that the court finds to have occurred is that defendant said he knew all about the terms of the lease, and that nothing was then said as to plaintiff's intention to renew nor did the defendant in express terms waive the thirty-day notice requirement of the lease. These facts fall far short of proving a waiver and cannot be permitted to set aside the terms of a contract of lease which the parties have deliberately made. *O'Keefe* v. *St. Francis Church*, 59 Conn. 551, 560, 22 Atl. 325. The plaintiff seeks to have these findings corrected so as to show that plaintiff at this interview only informed the defendant of its intention to renew the lease and defendant informed plaintiff that he knew he had

that right and that such renewals would be satisfactory to him. Had the court so found, it must have held either that defendant had waived his right to enforce the thirty-day notice, or that equity would relieve against the enforcement of this clause in the lease. Instead of so finding the court found directly to the contrary, and the finding of the court was made upon conflicting evidence and must stand.

The plaintiff asks for equitable relief upon the claim that the delay was not unreasonable and had caused defendant no damage, and was due to inadvertence or negligence, not gross or wilful, and that the forfeiture would entail great loss on it and its sublessees, by reason of the improvements they had made upon these premises. The loss to plaintiff is not found by the court and cannot be inferred from the facts found as a matter of law. That the delay may have been slight and may have caused no damage to defendant, cannot alone furnish a basis for equitable interposition, but are considerations of relevance for such an inquiry.

The foundation upon which the claim of plaintiff for equitable relief rests, is that the failure of plaintiff to give the thirty-day notice was mere forgetfulness which at most is negligence, and that nothing short of wilful, that is, voluntary, gross or inexcusable neglect, would prevent equitable relief under the circumstances of this case. When the failure to give a notice which is a condition precedent to the renewal of a lease results from accident, fraud, surprise, or mistake, equity will relieve. These grounds of relief are the well-recognized aids to equitable interposition, and their application has been definitely determined. Neither is applicable to a case where the failure is due to mere forgetfulness without other considerations. While these are the ordinary grounds for equitable relief for such failure,

they are not the exclusive grounds. All authorities agree that such relief cannot be afforded where the failure has been due to wilful or gross negligence. They differ as to whether such relief can be afforded in cases of mere negligence as by forgetfulness. Authorities denying this right in every case are: *Dikeman* v. *Sunday Creek Coal Co.*, 184 Ill. 546, 56 N. E. 864; *Doepfner* v. *Bowers*, 55 Misc. Rep. 561, 106 N. Y. Supp. 932; 16 R. C. L. § 670; 2 Tiffany on Landlord & Tenant, p. 1533, § 223. The governing principle of these authorities is that the tenant has no estate or title in the renewal period until the condition precedent has been fulfilled, and this prevents equity from acting. The reason is not entirely satisfying. When renewals are provided for in a lease upon giving notice, and the tenant has made improvements of substantial character, it is true he has no legal interest in the renewal period until the required notice is given, but he has an equitable interest in view of the character of the lease and of what he has done under it. The author of the note in 69 L. R. A., p. 836, comments upon the principle of these authorities in these words: "Many expressions will be found in the cases to the effect that no relief can be granted in case the breach is of a condition precedent; and, upon first glance, this result would seem to follow from necessity, for, if the condition is precedent, and has not been complied with, no estate has vested which is the subject of forfeiture within the relief of equity. But a closer view will disclose that in many instances, although the estate has not in fact vested, yet a right has been acquired under a contract which has been looked upon by the parties as the equivalent of an estate; and the court will seize upon such interest and establish it, although the result is to relieve from a forfeiture for breach of a condition precedent. This is common practice in actions for specific performance of contracts,

and has been applied in cases of conditional grants and devises." The Supreme Court of Maryland has adopted the rule that if a party to a lease has neglected to apply for a renewal according to the terms of the lease, the court of equity will look at the object and intention of the parties, and give relief provided the application be made in a reasonable time and the equities require such relief. *Banks* v. *Haskie,* 45 Md. 207; *Myers* v. *Silljacks,* 58 Md. 319. In reliance upon the Maryland rule, Cyc. says: "On the other hand, it is held that upon the question of the right to relief against a forfeiture for failure to renew, time is not essential where there is mere neglect; but that in the case of gross or willful negligence relief will not be granted." 24 Cyc. 1007. Corpus Juris, Vol. 21, p. 88, adopts in its text the words of the note in 69 L. R. A. 836, and then says: "As a general rule a party will not be given relief against a mistake induced by his own culpable negligence. . . . But the rule is not inflexible and in many cases relief may be granted although the mistake was not unmixed with some element of negligence, particularly where the other party has been in no way prejudiced." At page 103 it says: "Mere negligence is not a bar to relief, although relief against nonperformance of a condition precedent has been refused on this ground." In the related relief by way of mistake, Pomeroy, Eq. Jur. (3d Ed.) Vol. 2, § 856, says the mistake must be free from culpable negligence. But in § 452 (Vol. 1), he says: "A court of equity will refuse to aid a defaulting party, and relieve against a forfeiture, if his violation of the contract was the result of gross negligence, or was willful and persistent."

We think the better rule to be that in cases of wilful or gross negligence in failing to fulfil a condition precedent of a lease, equity will never relieve. But in case of mere neglect in fulfilling a condition precedent of

a lease, which does not fall within accident or mistake, equity will relieve when the delay has been slight, the loss to the lessor small, and when not to grant relief would result in such hardship to the tenant as to make it unconscionable to enforce literally the condition precedent of the lease.

We have in this case no finding of the hardship to the plaintiff which the enforcement of this provision of the lease will involve.   True, we know the extent of the improvements made by the plaintiff and its sub-lessees, but we do not know what this loss would be and we have a provision of the lease permitting the removal of buildings.   The case should have presented in detail the loss to plaintiff and the several sublessees.

The plaintiff did attempt to introduce evidence of the value of the good-will of its business in this location, but on objection it was excluded.   The good-will of this business was an element in the loss which plaintiff would suffer from the enforcement of this provision of its lease, and the offer was relevant and material unless the defendant's attorney was right in his objection that every fact which tended to show that the enforcement of this provision of the lease would work a hardship to plaintiff was immaterial.   Presumably the ruling followed the objection.   If it be sound, then the fact, if it were a fact, that the delay of plaintiff in giving the notice was slight, and the loss to the defendant nothing, were equally immaterial and irrelevant, as was every fact which tended to show equity in the plaintiff's position and unconscionable oppression in defendant's.   This position is logical in case the rule be adopted that equity will never relieve against mere negligence in fulfilling a condition precedent in a lease requiring the giving of a notice of renewal.   The rule we adopt requires the admission of all evidence which tends to

show the equity of the plaintiff's claim or the hardship of enforcing defendant's claim. The exclusion of this offer was error.

There is error and a new trial is ordered.

In this opinion the other judges concurred.