McGRORY STORES CORPORATION, complainant,

*v.*

LOUIS GOLDBERG et al., defendants.

[Decided August 30th, 1923.]

**Lease—Extension of—Acceptance of Option by Mail—Time of Mailing.**

On bills, &c.

*Mr. Alexander Simpson,* for the complainant.

*Mr. Harry Lane,* for the defendants.

BENTLEY, V. C.

On March 24th, 1913, the defendants' grantor entered into a lease with the complainant of certain property, for a term of ten years, to commence on May 1st, 1913; and, of course, to expire on April 30th, 1923, as conceded by counsel. Among other things the lease provided as follows:

"And at the expiration of the term of this lease, the party of the second part hereto shall have the option of renewing said lease for a further term of ten (10) years, at the rental of one hundred and fifty-five dollars ($155) per month, for the first five years, and one hundred and sixty-five dollars ($165) per month for the next five years; provided, however, that a written notice is given the party of the first part hereto at least six (6) months before the expiration of the within lease, of their intention so to renew."

It is also agreed by counsel that the notice required by the language just quoted must have been made on or before October 31st, 1922.

The bill alleges that the complainant has its principal office in New York City, and that all transactions with the defendants and their predecessors in title were had by mail and not personally or directly. It is also alleged that on October 31st, 1922, the complainant, in accordance with its custom, deposited a check for the next ensuing month's rent in the mail, and enclosed therewith a letter declaring its intention to renew the lease. The envelope in which this check was enclosed was of the type having a transparent portion on the face thereof, so that the name and address upon any letter or other enclosure can be read through the same, thereby obviating the addressing of the envelope. This envelope was postmarked by the United States mail authorities in New York under date of October 31st, 1922, at the hour of seven-thirty in the evening. This was the only effort made by the complainant to exercise its option of renewal within the time provided by the lease.

The question presented is, whether or not such attempt was efficacious for that purpose. It seems to me clearly that it was not. Counsel for the complainant argues that as ordinary conditions of business and life change, the rules of law will be relaxed, modified, or altered as such occasions may require for the administration of justice; and, of course, that is so. But I am unable to follow him when he progresses from that point to the contention that because all transactions with the defendants had been by mail, that impliedly an acceptance by mail of the defendants' offer to renew the lease was agreed upon by the parties. It seems to me that

the true rule is expressed in *6 R. C. L. 613.* I do not mean to say that the mailing of this acceptance would not have accomplished its purpose were it proven that the same had been received by the defendants within the time limited by the lease; but under all the circumstances of this case, as pointed out by the authority just cited, I do not think that the acceptance became complete upon depositing the letter in the mail box.

As a matter of policy, in a formal transaction such as the renewal of a lease so valuable as this one is said to be, there should be no unnecessary extension of the privilege of corresponding by mail. It requires little imagination to conceive of the innumerable schemes that might be devised in fraud of other parties if the rule is extended. The policy of the law is based upon either the necessity for corresponding by mail, such as the separation of the parties by large distances, or the implication arising from the use of that agency by one party whereupon permission is extended to the other to do likewise. That a letter mailed so late in the day as to be postmarked "7:30 p. m." would not be delivered in the course of ordinary mail the same day and that the acceptance of an option must be made within the time limited by the contract, are so apparent and elementary as to require neither argument nor authority.

The facts in this case have already been examined in the first district court of Jersey City, and the facts as to the mailing of the acceptance mentioned above have already been judicially determined. I have not considered the question of jurisdiction, for the reason that it has not been raised. Counsel have presented and argued the matter on the merits, and because of circumstances requiring haste in the decision of the question, I have not taken the time to examine it.

In view of counsel's expressed intention to review my decision in the event of a dissolution of the restraint herein, I will require the defendants to include in their order a stay for a period sufficiently long to permit the complainant to apply to the court of errors and appeals for a stay pending its determination of the complainant's appeal.