Complainant has filed a verified bill of complaint. Therein she prays a decree requiring the defendant to specifically perform an option provision contained in a lease made by her to the complainant for certain premises in the City of Atlantic City. Preliminary relief is sought at this time against a threatened suit for possession.
The lease was dated June 24th, 1946. It provided, inter alia:
"And the said Lessor does hereby grant and give the said tenant the option and privilege of renewing the term of the within lease for an additional period of four (4) years commencing March 31, 1947 at 12:00 o'clock noon and ending March 31, 1951 at 12:00 o'clock noon subject to the same terms and provisions in this lease contained, and at the following rents, to wit, for the two stores the sum of Eight Thousand Four Hundred ($8,400.00) Dollars payable $175.00 on the first day of each and every month of said term commencing with April 1, 1947 and for the two apartments the further sum of Three Thousand Six Hundred ($3,600.00) Dollars payable $75.00 on the first day of each and every month of said term commencing with April 1, 1947.
"It being expressly understood and agreed that the said tenant in taking up and exercising said option must take the entire building at the said combined rents and provided that the said tenant shall on or before April 1, 1947 deposit with the lessor the sum of $3000.00 in cash, on account of last year's rent of said term, and further provided that the said tenant shall in writing prior to February 1, 1947, addressed to the lessor and served upon her personally or by registered mail which shall be postmarked prior to February 1, 1947, irrevocably indicate the tenant's taking up and exercising the said option, and shall be followed by the deposit with the said lessor of said sum of $3000.00 on or before April 1, 1947."
It is asserted in the bill that on January 30th, 1947, and before the expiration of the term of the initial lease, the complainant duly exercised her privilege of extending the lease by mailing to the defendant, by registered mail, a letter stating *Page 70 
that the complainant was taking up her option. The mailing of this letter within time and its receipt by the landlord is conceded. The notice was, however, unsigned. It was in this form:
"2025 Wallace St. Phila. 30, Pa. Jan. 30, 1947
Mrs. Anna Layfman c/o I. DeLeuge 311 Oriental Ave. Atlantic City, N.J.
Dear Mrs. Layfman:
This is to advise that the undersigned is taking up the option of the (4) four additional years on premises 1001 Pacific Ave. and 34 36 So. Virginia Ave., Atlantic City, N.J. as provided for in lease dated June 24th, 1946 between the undersigned and Anna Layfman.
Yours very truly,
 Copy sent to: Irving I. Jacobs."
Resisting the instant motion to restrain a proposed ejectment suit, the defendant filed an affidavit of Isaac Dluge which stated that the affiant was her son-in-law and the person who had actually transacted her business with respect to the properties and the lease in question. In the affidavit it was admitted that the defendant received the quoted notice in the early part of February, 1947, and that a copy was also received by Irving I. Jacobs, her attorney. It was further stated that Mr. Dluge, when the notice was received by the defendant, observed that it was unsigned, and that, in view thereof, the defendant, on his advice and that of her solicitor, took "the position that Mrs. Marjer has not complied with the terms and conditions of that part of the lease quoted in paragraph two of the bill of complaint, copy of which said lease is annexed to said bill, and has failed to properly exercise the option thereon contained." Mr. Dluge also declared in his affidavit that the defendant's solicitor had prepared a suit in ejectment in the Atlantic County Circuit Court, designed to oust the complainant from the leased premises. *Page 71 
The defendant's solicitor had advised the solicitor of the complainant of his intention to institute the ejectment suit. Thereupon, the bill in this cause was filed and an application was made for an order to show cause why restraint of the proposed action should not issue. It is that question which must be here determined.
The lessor's covenant or agreement to renew extends a privilege to the tenant, but is, nevertheless, only an executory contract, and, until the tenant has exercised his privilege by way of some affirmative act, the lessor cannot be held for the additional term. When notice by a lessee of his exercise of a right or privilege to renew given by the terms of a lease, is required, the notice must indicate his unconditional and unqualified determination to exercise his option; and if the provision of the lease requiring notice specifies the kind of notice to be given, the terms of the lease must be complied with by the tenant in order to bind the landlord, and the notice must, ordinarily, be given in the manner provided. "In the absence, however, of a specific provision in the lease, any form of notice which definitely imparts to the landlord the information that the tenant has availed himself of an option of renewal given by the lease, or showing a clear intention on the part of the lessee to exercise his option on the precise terms stated therein, is sufficient. Generally, unless the lease stipulates otherwise, the notice does not have to be a formal written one." 32 Am. Jur.,Landlord and Tenant, §§ 975 to 979.
The fact that the notice was not signed by the lessee has, under certain circumstances, been held to render it insufficient; under other special circumstances, it has been declared immaterial. 32 Am. Jur., Landlord and Tenant, § 979. There is unanimity in the decisions that equity will relieve against the consequences of a failure to give a notice at the time or in the form and manner required as a condition precedent to the renewal of the lease, when such failure results from accident, fraud, surprise, or mistake, and there are other special circumstances which have been held to warrant a court of equity in granting relief against the consequences of the lessee's failure to notify the lessor within the *Page 72 
stipulated time or in the specific form or manner prescribed. It has been said that equity will not relieve against mere forgetfulness and will not intervene where there is no fraud, accident, or mistake on account of which the lessee neglected to avail himself of the option, and he assigns no explanation or excuse for the delay except his negligence or that of his agent. The matter is one largely of discretion. 32 Am. Jur., Landlordand Tenant, § 981.
Counsel have not directed my attention to any reported case in New Jersey where the specific question here projected has been considered or determined. The leading case in point, I find, is a Connecticut decision, F.B. Fountain Co. v. Stein,97 Conn. 619; 118 Atl. Rep. 47. In the Fountain Case the Supreme Court of Errors held that equity may grant relief from a mere inadvertent neglect to give notice of a desire to renew a lease where the delay has been slight, and refusal to grant relief will result in such hardship to the tenant as to make it unconscionable to enforce literally the penalty in the lease. The case will be found reported in 27 A.L.R. 976, where the text is followed by an exhaustive annotation. See, also, the annotation in 1 A.L.R. at p. 343, and in 99 A.L.R. at p. 1010.
In Coy v. Title Guaranty and T. Co. (District Court of theDistrict of Oregon), 198 Fed. Rep. 275, the lease stipulated that the privilege of renewal therein contained should be exercised by giving written notice to the lessor at least three months prior to the expiration of the term of the lease, but no particular form of notice was specified. The lessee's husband wrote a letter to the receiver of the landlord referring to the notice provision of the lease and applying for a renewal of five years. Objection was made that the notice was not signed by the lessee. The District Court held that as the notice showed the wife was the lessee and the person entitled to the renewal, the informality of the notice did not render it ineffectual, and that it constituted a sufficient notice of the lessee's desire to exercise her privilege of renewal.
In Wiener v. Graff, 7 Cal.App. 580; 97 Pac. Rep. 167, it was contended that a notice not signed by the lessee failed to meet the requirements of the lease. The lease read that *Page 73 
the lessees, if they desired to renew, should "signify their acceptance in writing to the party of the first part on or before" a specified date. A notice was forwarded to the lessor by registered mail, enclosed in one of the lessee firm's business envelopes, with the firm's name and address in the corner, and was addressed to the lessor directing him to take notice that the lessee "does hereby elect to avail itself and accept the privilege contained in said covenant just described (the notice identified the lease by stating its date and place of record, and set forth the particular clause granting the option), and request the continuance of said lease under the same terms as are now contained in said lease for the period of one year from and after the 1st day of December, 1904." Of this communication, the California court said: "On its face and in its body it appeared to have emanated from H. Graff Company, the lessee, and the purpose of the notice is stated with clearness and precision. When it was delivered to and receipted for by the lessor he could not have doubted by whom it was sent, nor the purpose intended in sending it."
After considerable research I located two reported cases decided in this court where the same reasoning followed in the cases I have cited was adopted. In McGrory Stores Corp. v.Goldberg, 95 N.J. Eq. 152; 122 Atl. Rep. 113, a notice designed to effect an extension of a lease was held insufficient. However, the lease specifically provided for the extension only if "a written notice is given the party of the first part hereto at least six (6) months before the expiration of the within lease, of their intention so to renew." The notice should have been given on or before October 31st, 1922; it was, in fact, deposited in the mail at 7:30 P.M. on that day, and there was no proof of its delivery to the lessor before midnight. But, in Caplan v.Palace Realty Co., 110 Atl. Rep. 584, not reported in the state reports, my learned and revered predecessor, Vice-Chancellor Leaming, advised preliminary restraint against the possible dispossession of a lessee pending final hearing on facts not dissimilar to those here present. By bill the tenant sought reformation of a lease containing a clause requiring a 60-day notice before the expiration of the original term of an intention to renew for the privileged *Page 74 
additional term, claiming that the clause was inserted in the written lease without the knowledge of the tenant and after the terms of the lease had been agreed upon and a deposit paid. Notice was not given and the tenant was threatened with dispossession proceedings. Vice-Chancellor Leaming said: "It is true that the general rule is that, when the material facts relied upon in support of a complainant's claim for relief are denied under oath, preliminary restraint ordinarily will be denied. But exceptions exist to that general rule, and in my judgment this case falls within the exceptions. Unless restraint is awarded, the objects of the bill will be wholly defeated. Complainant will in that event be ejected from possession, and her business destroyed, unless she can find some new location to which she may move her stock of merchandise. On the other hand, complainant can be protected in her possession on terms which will amply protect defendant owner against possible loss. In such circumstances I think complainant's possession should be protected until final hearing which can be had at an early date."
There can be no possible doubt that the defendant herein and her son-in-law, Mr. Dluge, read the notice addressed to and received by her as an unconditional exercise of the complainant's option to renew her lease for four additional years. Such understanding is implicit in the affidavit of Mr. Dluge filed by the defendant. The only reason he assigns for giving the advice he and the defendant's solicitor gave to her, is the circumstance that the notice received by the defendant and by her solicitor did not bear the signature of the complainant. The notice was forwarded to the defendant in care of Mr. Dluge; it gave notice that the option of four additional years on premises 1001 Pacific Avenue and 34 and 36 South Virginia Avenue, Atlantic City, New Jersey, was being exercised, "as provided for in lease dated June 24th, 1946." It is admitted that the notice was mailed within the time specified by the lease and was received by the defendant-lessor. The mere fact that the complainant's signature did not appear upon the notice could not, and did not, lead to any misunderstanding by or disadvantage to the defendant. *Page 75 
In the affidavit filed for the defendant, it is suggested that it would be inequitable to permit the complainant to renew her lease because she has neglected the leased premises, and by her neglect caused damage thereto. If it is made an issue in the cause, that subject may be more logically presented at final hearing. To refuse the complainant the restraint she presently asks might well result in her loss of a continuous tenancy of the premises she has now occupied and used since June 24th, 1946. The lease, a copy of which is attached to the bill of complaint, recites that the properties leased are to be utilized by complainant as stores and dwelling apartments. We are approaching the summer season and, obviously, are in the period when seashore stores and apartments are being rented. That is complainant's business. The complainant has offered to make the deposit and pay the rents required to be made and paid by her, and she should not, pending final hearing, which can be had at an early date, be forced to lose her possession and an opportunity to rent the premises in question. She must, however, implement her offer by payment into court of the stipulated deposit, $3,000; she must also pay the rent as it becomes due or she must give adequate security for payment thereof to the defendant. Restraintpendente lite will be advised; exact terms will be fixed when an order is submitted. *Page 76