## J. M. WILCOX & CO. et al. v. SCOTT-BURR STORES CORP.

### Civ. A. No. 4267.

United States District Court
N. D. Texas, Dallas Division.

June 8, 1951.

Biggers, Baker & Lloyd, Dallas, Tex., for plaintiffs.

Coke & Coke and Thomas G. Murnane, all of Dallas, Tex., for defendant.

ATWELL, Chief Judge.

Diversity of citizenship gives this Court jurisdiction over this Declaratory Judgment action.

The plaintiffs leased to the defendant corporation for ten years a building in Dallas, Texas. The lease was made up of an original contract, and, a supplement. But, the supplement did not change the agreement in any manner material to this action. The lease was dated November 4, 1941, and, was for the period of ten years, the exact language being, "For and during the term of ten years, beginning March 1, 1942, and ending February 29, 1952". The supplemental agreement was dated October 8, 1942, but, the term of years was not changed in the slightest.

The option of renewal was contained both in the original, and, in the supplement, and, is in the same language, with the exception of the amount of rent to be paid under a renewal.

"If the tenant shall desire to renew this lease for a further term of ten years from the expiration date of the term thereof, he shall have given the landlord at least twelve months' previous written notice of such desire, this lease shall then be extended for said further term at a rental not greater than ten per cent above $425.00 per month."

The facts are stipulated, and, they show that on February 27, 1951, the defendant at 4:00 p. m. deposited in the United States mails a letter addressed to the plaintiffs for the express purpose of exercising the option of renewal. That letter was not received by the plaintiffs until 10:00 a. m. March 1, 1951. In fact, it was delivered by the postman at that time.

The lease expires on February 29, 1952, or, the last day of February, 1952. There is no ambiguity in the language respecting the exercise by the tenant of the option to renew. That option is unilateral and must be given to the owner, "at least", meaning, of course, more than twelve months before the expiration date. This was not done.

Authorities are ample, if authorities are needed, for the settlement of so simple a question. 32 Amer.Jur. 821, Landlord and Tenant, Sec. 978; 10 Tex.Jur. 59, Contracts, Sec. 32; Hargraves v. Edmont Hotel Co., Tex.Civ.App., 125 S.W.2d 415; Johnson v. Portwood, 89 Tex. 235, 34 S.W. 596; McCrory Stores Corp. v. Goldberg, 95 N.J.Eq. 152, 122 A. 113, 1 N.J.Misc. 446; I. X. L. Furniture & Carpet Installment Co. v. Berets, 32 Utah 454, 91 P. 279.

Such cases as suggest an overlooking of the prompt, and, required exercise of the

option are not relevant to the question here. Nor, are cases such as calculate the day of giving, and, the day of receiving, as inconsequential. Nor, are cases bearing upon the question of forfeiture which counsel the avoidance of an arbitrary action. The case by Circuit Judge Foster, New York Life Ins. Co. v. Bullock, 5 Cir., 26 F.2d 666, is easily distinguishable, since it was based upon, necessarily, the contract in that particular instance. It provided two years *from* its date of issue. The word "from" played a prominent part in that decision. There is no such uncertainty in the case before us.

The Court is bounden to declare in favor of the plaintiffs, that is, that the notice to renew was not given at least twelve months before the expiration date.