**SCOTT–BURR STORES CORP. v.
WILCOX et al.**

No. 13718.

United States Court of Appeals
Fifth Circuit.

March 18, 1952.

Thos. G. Murnane, Dallas, Tex., for appellant.

Chandler Lloyd, Dallas, Tex., for appellees.

Before HUTCHESON, Chief Judge, and RUSSELL and RIVES, Circuit Judges.

RUSSELL, Circuit Judge.

This appeal is from a judgment finding and declaring that the appellant had not timely exercised its right of renewal of a lease of commercial property in Dallas, Texas. Appellant occupied the premises under a lease "for a term of ten years, beginning March 1, 1942, and ending February 29, 1952." During the term additional premises were occupied and increased rental provided amounting, during the last sixty months of the lease, to $425.00 per month. Both the original lease and the supplement provided a right of renewal as follows: "If the Tenant shall desire to renew this lease for a further term of ten (10) years from the expiration date of the term hereof, and he shall have given the Landlord at least twelve (12) months previous written notice of such desire, this lease shall then be extended for said

further term at a rental not greater than ten (10) per cent above $425.00 per month."

On February 27, 1951, at approximately four o'clock, P.M., the tenant, appellant Scott-Burr Stores Corporation, deposited in the United States Mails, at Chicago, Illinois, a letter, by Air Mail, Registered, addressed to the landlord giving notice that the tenant "elects to extend the term of said lease for the period of ten years from and after February 29, 1952" in accordance with the lease agreement. An unregistered carbon duplicate of this letter, with an accompanying letter with reference to the rental, was mailed at the same time. February 27, 1951, through March 1, the Dallas Post-Office made only one usual delivery by letter carrier each day to the territory in which the office of the landlord was located. Each of the three letters referred to were received by the landlord about ten o'clock, A.M., March 1, 1951. Predicated upon the claim that these facts, which were afterwards stipulated as the evidence in the trial of the case, did not show compliance with the requirements of the lease, the appellee-landlords, residents of Texas, instituted this action in the federal Court against the appellant-tenant, a Delaware corporation, praying a declaration that the lease had not been renewed or extended and that all rights of the defendant to occupancy of the premises would cease and terminate no later than February 29, 1952. The defendant-tenant responded by motion to dismiss upon the grounds that the Court had no jurisdiction because: the amount of the controversy did not exceed $3,000; the remedy sought was within the exclusive jurisdiction of the State Court; and the complaint failed to disclose an actual, present controversy. The motion to dismiss was overruled and this judgment, and the judgment upon the merits, entered by the Court upon consideration of the pleadings and the stipulation of facts which granted the declaration sought by the plaintiff, are here assigned as error.

■ The Court did not err in overruling the motion to dismiss. The complaint showed the existence of a disputed claim as to the effectiveness of an attempt to renew a lease for a period of ten years at an aggregate rental of at least $51,-000.00.[1] While the date of the beginning of the claimed extended term was in the future, the assertion of the right to its enjoyment was presently being made. The facts of the case disclosed an actual controversy, and the settlement of such controversies "before they ripen into violations of law or some breach of contractual duty" is a fundamental purpose of the Declaratory Judgment Act, 28 U.S.C.A. § 2201.[2] The claim that the legal remedy for forcible entry and detainer provided by the Texas statute[3] is exclusive and prevents the exercise of the jurisdiction of the United States Courts is not meritorious, since the controversy is otherwise clearly within the jurisdiction of the federal Court.

■ Upon the merits, the District Judge rendered an opinion[4] that the delivery of the notice on March 1st was not timely. With this we agree. Under the terms of the lease, the tenant was required to give at least twelve months previous notice of a desire to renew the lease for a further term of ten years from the expiration date of its term. The first period of the lease expired at midnight, February 29, 1952. It was provided that the landlord should have at least twelve months notice prior thereto of the tenant's desire to renew the lease. Notice given on March 1, 1951, can not accurately be held to be twelve months prior to midnight, February 29, 1952. The interval is less than twelve months, and

1. C. E. Carnes & Co. v. Employers' Liability Assurance Corp., 5 Cir., 101 F.2d 739; Home Ins. Co. of New York v. Trotter, 8 Cir., 130 F.2d 800.

2. Hardware Mutual Casualty Co. v. Schantz, 5 Cir., 178 F.2d 779; See also Mississippi Power & Light Co. v. City of Jackson, 5 Cir., 116 F.2d 924; Pennsylvania Casualty Co. v. Upchurch, 5 Cir., 139 F.2d 892.

3. Art. 3973, Revised Civil Statutes of Texas, 1925, Title 64.

4. 97 F.Supp. 792.

does not afford at least twelve months notice previous to the expiration. We find in none of the numerous authorities cited by counsel for appellant, in his valiant effort to avoid the consequences of his client's delay, any basis of computation of time which supports a contrary conclusion. By the failure to give the notice required by the contract, the option for renewal lapsed. Time was clearly of the essence and even though the delay was a matter of hours, the landlord is entitled to stand upon the contract as written. While the argument is made here that such a judgment is harsh and inequitable, we observe that no grounds for equitable relief from the lapse were urged in the trial Court. On the contrary, as we have recited above, the case was submitted only upon stipulation of the facts of mailing and receipt, and, consequently, there is no basis for determination by us of the respective equities of the parties and we confine our consideration to the case as presented in the trial Court.

The judgment of the trial Court is affirmed.