113 N.J. Super. 74 (1971)
272 A.2d 578
243 SO. HARRISON STREET CORP. A NEW JERSEY CORPORATION, PLAINTIFF,
v.
LOUIS OGUST AND LILLIAN OGUST, DEFENDANTS.
Superior Court of New Jersey, District Court, Essex County.
Decided January 12, 1971.
Mr. David M. Beckerman for plaintiff (Messrs. Beckerman, Franzblau & Cohen).
Mr. Louis Ogust, pro se for defendants.
YANOFF, J.D.C.
The simple question in this case is whether a lease termination provision which provides for *75 notice by registered mail may be exercised by certified mail. The lease provided:
That this letting and hiring shall be extended and renewed by and against the parties hereto for the further term of one year from the expiration of the term granted hereby, at the same rental without any deduction or concession, and upon all the above terms, conditions and covenants, unless either party on or before the first day of August next preceding the termination of any term granted hereby shall give notice to the other of an intention to surrender or have possession of the premises, as the case may be. Notice by the Landlord to the tenant must be given by sending the same by U.S. Registered Mail. Notice by the Tenant to the Landlord must be given by sending the same by U.S. Registered Mail. This clause shall be and continue operative likewise with respect to any renewals or extensions hereof.
Landlord gave timely notice by certified mail which tenant received.
Under date of July 23, 1970 the landlord sent the tenants notice of the termination of the lease by certified mail, which informed them that another lease referred to both as a "new lease" and a "renewal" could be entered into only on the basis of increased rental, and called for a response as to whether they wished to either renew or enter upon a new lease at a higher rental. On the same day the tenants wrote a letter, registered mail, to the landlord advising of his intention "to continue possession of the premises for an additional year, beginning November 1, 1970, upon the terms and conditions as therein [the lease] provided." In response to another letter from the landlord, the tenant wrote:
Your Certified Mail form letter dated August 1, 1969 was received on August 5, 1969.
I believe you are in error when you say therein that my lease terminates on October 31, 1969.
I refer to Item "Twentieth" of same.
Will you please check and advise.
Under date of September 25, 1970 the landlord sent a new lease, at the increased rental, to the tenants, stating:
*76 If these signed leases are not received in this office by not later than Thursday, October 15, 1970, we will assume that you are vacating your apartment on or before the 31st of October 1970, and we will endeavor to rent your apartment to a new tenant.
The landlord moves to evict on the ground that the lease has expired.
The tenants argue that the lease must be construed most strongly against the party preparing it, citing Kislak, Inc. v. Muller, 100 N.J. Eq. 110 (Ch. 1926), and other cases. This is unquestionably the law. However, it applies only where there is room for construction by reason of ambiguity, doubt as to meaning, or failure to express intention. Fletcher v. Interstate Chemical Co., 94 N.J.L. 332 (Sup. Ct., 1920), aff'd 95 N.J.L. 543 (E. & A. 1921); Farber v. Shell Oil Co., 47 N.J. Super. 48 (App. Div. 1957); Summer v. Fabregas, 52 N.J. Super. 399 (App. Div. 1958). They also argue that the sentence, "This clause shall be and continue operative likewise with respect to any renewal or extension thereof," means that the tenant had the right to renewal and that his letter of July 23, 1970 constituted such a renewal. In the court's judgment such a construction is not warranted by the terms of the lease. The language is clear that either party has the right to prevent renewal by mailing notice, and that only in the event of inaction by both parties was the lease renewed automatically. The language upon which the tenants rely means only that the requirement for registered mail applies also in case of renewals.
The tenants argue, further, that the landlord's notice by certified mail did not satisfy the quoted lease provision. The issue as to whether notice by certified mail satisfied the lease provision, therefore, cannot be avoided.
In construing N.J.S.A. 46:32-25, a provision of the Uniform Conditional Sales Act (now repealed), which provided for notice of sale of property subject to a conditional sales contract by registered mail, the Supreme Court held in Pacific Discount Co. v. Jackson, 37 N.J. 169 (1962), that by *77 virtue of N.J.S.A. 1:1-2, which provides that "the words `registered mail' include `certified mail,'" mailing by certified mail satisfied section 25 of that. It held, further, that for the purpose of this section, proof of mailing, without actual receipt, was sufficient. Were a question of statutory construction involved here, this would be conclusive. However, we are concerned with contract principles and therefore must have recourse to decisions applicable thereto.
In limine, it must be noted that under current practice strict application of the contract terms gives way to general principles of equity and fairness. Henningsen v. Bloomfield Motors, Inc., 32 N.J. 358 (1960); Unico v. Owen, 50 N.J. 101 (1967). The analogy which comes most readily to mind is contract law of offer and acceptance. There, an acceptance by an authorized means binds the contract as soon as it is put out of the offeree's control, usually by mailing. Restatement, Contracts, § 64 (1932); Potts v. Whitehead, 20 N.J. Eq. 55 (Ch. 1869), aff'd 23 N.J. Eq. 512 (E. & A. 1872); Houghwout v. Boisaubin, 18 N.J. Eq. 315 (Ch., 1867); Northampton Mutual Live Stock Ins. Co. v. Tuttle, 40 N.J.L. 476 (Sup. Ct. 1878). But an acceptance by an unauthorized means is effective if received in time. Restatement, Contracts, § 68; 17 C.J.S., Contracts, § 42, at 679.
Gleanings from New Jersey cases are meager, but they suggest that the essence of the matter is whether the notice required by the lease was received in time. In Marjer v. Layfmen, 140 N.J. Eq. 68 (Ch. 1947), the tenant sent a notice of renewal by registered mail in compliance with the lease, but did not sign it. Nevertheless, the court protected his interest in the renewal by preliminary injunction. Citing Marjer, the Appellate Division in Vineland Shopping Center, Inc. v. DeMarco, 65 N.J. Super. 223 (1961), rev'd on other grounds 35 N.J. 459 (1961), said:
A requirement of "written notice" is generally held to be satisfied by a written, but unsigned notice, provided the circumstances are such that the receiver can have no substantial doubt as to the source and purpose of the writing. [65 N.J. Super. at 227]
*78 In other jurisdictions cases interpreting lease provisions similar to that involved here, requiring notice by registered mail of an intent not to renew, have held that notice by other means which reached the other party was sufficient. East Eighty-Second St. Corp. v. Rogers, 192 App. Div. 633, 183 N.Y.S. 297 (App. Div. 1920); Woods v. Cities Service Oil Co., 142 So.2d 168 (La. Ct. App. 1962); 51C C.J.S. Landlord and Tenant, § 62 (2) (d) at 198.
In East Eighty-Second St. Corp. v. Rogers, the court said:
It thus follows that not only was plaintiff's letter of February 6th to defendant tantamount to a formal notice of its intention not to renew, but that defendant himself elected not to renew the lease, unless it should be held that a strict compliance with the provision of the lease that such respective notices are to be given by "registered mail" is essential. The obvious purpose of providing for notice by registered mail was to insure the delivery of the notice, and to settle any dispute that might arise between the parties as to whether or not the notice was duly received. [183 N.Y.S. at 300]
The fact is that the tenants knew the landlord's attitude within the time limited by the lease and had ample opportunity to either accept or reject the offer made to them. Instead, they stood upon what they deemed a sound legal position. In this they erred. There will be a judgment for possession.
In view of the lapse of time since the matter was heard, a motion should be made for issuance of the warrant.