HERBERT FLETCHER, RESPONDENT, v. INTERSTATE CHEMICAL COMPANY, APPELLANT.

Submitted March 17, 1920—Decided June 9, 1920.

1. The cardinal rule in the construction of all contracts, including contracts of sale, is that the court must, if possible, ascertain and give effect to the mutual intention of the parties, as far as that may be done without the violation of legal principles.

2. While a written instrument must be construed according to the intent of the parties as manifested by the instrument itself, yet, where the construction is doubtful, the court may look into the surrounding circumstances, and avail itself of such light as they may afford, in ascertaining the true meaning of the language and terms employed.

3. The word "similar" is generally interpreted to mean that one thing has a resemblance in many respects, nearly corresponds, is somewhat like, or has a general likeness to some other thing, and not to mean identical in form and substance, although in some cases "similar" may mean "identical" or "exactly like."

4. Where a contract is ambiguous it will be construed most strongly against the party preparing it or employing the words concerning which doubt arises.

On appeal from the First District Court of Jersey City.

Before Justices TRENCHARD, BERGEN and KALISCH.

For the appellant, *Frank G. Turner.*

For the respondent, *Raymond P. Wortendyke.*

The opinion of the court was delivered by

TRENCHARD, J. The defendant company gave the plaintiff an order in writing to deliver to it three presses "similar to our present Shriver presses," which order the plaintiff accepted.

Pursuant thereto the plaintiff delivered three presses to the defendant, and this suit was brought to recover the unpaid part of the contract price (and for some other articles fur-

nished). The defendant filed a set-off and recoupment for expenses which it claims resulted from making the presses conform to the contract.

The trial judge, sitting without a jury, found for the plaintiff and the defendant appeals.

We are of the opinion that the judgment should not be disturbed.

We think that the motion for a judgment for the defendant was rightly denied.

The contract price of the presses was $1,231. The presses were delivered to the defendant, and it was a fair inference from the evidence that the only complaint respecting them was that they "were not according to the specifications" and did not "include pressure gauge, syphon and trough." The plaintiff promptly went to defendant's factory and he testifies that the defendant then complained that there were no "troughs and pressure gauges," and that "a few wood screw heads were knocked off," and that the defendant promised that if these were furnished it "would make settlement of the bill." The plaintiff further testified that he supplied the screw heads; "furnished the pressure gauges" and "allowed him [defendant] for furnishing the troughs." Shortly thereafter the defendant paid $1,000 on account of the purchase price and has always retained and used the presses.

We think the testimony amply supports the judgment for the plaintiff (the judge having made proper allowance for the defendant's expenditure for the troughs).

The defendant's contention at the trial was, and now is, that its motion for judgment should have been granted because the presses were not "similar to our present Shriver presses," as required by the order, and this argument is based upon the insistence that the use of the word "similar" meant that they must be "exactly like" the Shriver presses.

We think that there is no merit in that contention.

The cardinal rule in the construction of all contracts, including contracts of sale, is that the court must, if possible, ascertain and give effect to the mutual intention of the parties, as far as that may be done without the violation of legal

principles. *Melick* v. *Pidcock,* 44 *N. J. Eq.* 525; *United Boxwood and Paper Co.* v. *McEwan Brothers Co.,* 76 *Atl. Rep.* 550.

While a written instrument must be construed according to the intent of the parties as manifested by the instrument itself, yet, where the construction is doubtful, the court may look into the surrounding circumstances, and avail itself of such light as they may afford in ascertaining the true meaning of the language and terms employed. *Morris Canal and B. Co.* v. *Matthiesen,* 17 *N. J. Eq.* 385; *United Boxwood and Paper Co.* v. *McEwan Brothers Co., supra; Ryer* v. *Turkel,* 75 *N. J. L.* 677.

Now, the contract in question is susceptible of more than one construction. The word "similar" is generally interpreted to mean that one thing has a resemblance in many respects, nearly corresponds, is somewhat like, or has a general likeness to some other thing, and not to mean identical in form and substance, although in some cases "similar" may mean "identical" or "exactly like." See cases collected in 18 *Am. & Eng. Ann. Cas.* 791, *note.*

Turning to the evidence we find that it tended to show that the parties had before them when making the contract certain plans or drawings to which the presses bargained for were intended to conform, and to which those delivered, accepted, and in part paid for, did in fact conform, and that such plans or drawings had a general likeness to but were not exactly like the Shriver presses. We, therefore, think that the trial judge rightly concluded that by the use of the word "similar" the parties did not intend that the presses bargained for must be "exactly like" the Shriver presses.

And this view is strengthened by the fact that the ambiguous words in question were the words of the defendant, and the rule is, that where a contract is ambiguous, it will be construed most strongly against the party preparing it or employing the words concerning which doubt arises (*American Lithographic Co.* v. *Commercial Casualty Insurance Co.,* 81 *N. J. L.* 271), the reason for the rule being that a man is responsible for ambiguities in his own expressions and has no

right to induce another to contract with him on the supposition that his words mean one thing, while he hopes the court will adopt a construction by which they would mean another thing more to his advantage.

These views, in effect, dispose of every question argued.

The judgment below will be affirmed, with costs.