241 N.J. Super. 391 (1990)
575 A.2d 55
RIVER VALE PLANNING BOARD AND MAYOR AND COUNCIL OF THE TOWNSHIP OF RIVER VALE, PLAINTIFFS-APPELLANTS,
v.
E & R OFFICE INTERIORS, INC.; MODERN OFFICE EQUIPMENT CO.; EUGENE TIETJEN, AND HERMAN STEENSTRA, RIVER VALE CONSTRUCTION OFFICIAL, DEFENDANTS-RESPONDENTS AND JON JERMAN HOLDING CO., INC. AND JON JERMAN, INDIVIDUALLY, DEFENDANTS.
Superior Court of New Jersey, Appellate Division.
Argued May 7, 1990.
Decided June 11, 1990.
*393 Before Judges PETRELLA, O'BRIEN and HAVEY.
Frederick L. Bernstein argued the cause, for appellants.
Roger W. Breslin, Jr. argued the cause for respondents E & R Office Interiors, Inc., Modern Office Equipment Co., and Eugene Tietjen (Beattie Padovano, attorney; Roger W. Breslin, Jr., on the brief).
*394 No one appeared or submitted a brief on behalf of any other respondent.
The opinion of the court was delivered by PETRELLA, P.J.A.D.
The River Vale Planning Board and the Mayor and Council of the Township of River Vale (collectively referred to as River Vale) appeal from a judgment of the Law Division which dismissed that portion of their complaint which had sought enforcement of a variance, site plan conditions and a developer's agreement. The judgment also dismissed cross-claims among the various defendants. Defendant Jon Jerman Holding Company, Inc. (Jerman)[1] was the original applicant for preliminary and final site plan approval and ancillary variances for a nonconforming property located on 3.41 acres of land on River-vale Road in River Vale.
In the November 1988 judgment which dismissed the first and third counts of the complaint River Vale was ordered to refund a cash performance bond of $10,208 to Jerman which it had deposited with the Township. The judgment also recited that Jerman waived any claim it may have had against the Township of River Vale or its planning board for the return of an $8,575 deposit paid as reimbursement of expenses to River Vale. The allegations in other counts of the complaint were dismissed without prejudice by an agreement between the parties which was included in a "Stipulation of Settlement and Order of Dismissal" entered on November 16, 1988.
On this appeal River Vale argues that it is entitled to enforcement of the terms and conditions of a February 4, 1985 preliminary *395 and final site plan approval under N.J.S.A. 40:55D-18, notwithstanding that Jerman and the subsequent purchaser of the property from Jerman, E & R Office Interiors, Inc. (E & R) asserted abandonment of the benefits of the application. River Vale argues that the site plan requirements "run with the land" and bind subsequent transferees as a matter of law. It asserts that E & R had actual notice of the Developer's Agreement and waived any objection to the performance of the site plan conditions and thus became bound to perform as a matter of contract. It also argues that principles of res judicata should bind the developer and his successor in title where the attempted withdrawal is after site plan approval, after execution of the Developer's Agreement and after the posting of a cash performance bond.
Jerman applied as a contract purchaser to the River Vale Planning Board on October 24, 1984 for preliminary and final site plan approval and for certain variances with respect to a 43,200 square foot building on 3.41 acres of land at 634 River-vale Road and located in a light industrial "D" zone. The building, which covered 29% of the land, had previously been used by a fertilizer and garden supply firm. The applicable ordinance only permitted lot coverage of 25%. Jerman sought to use the property for multi-tenant occupancy and sought a variance to permit 64 parking spaces instead of the required 108 spaces.[2]
Hearings were held before the planning board which ultimately granted preliminary and final site plan approval on February 4, 1985, together with an ancillary variance which approved 64 parking spaces. The site plan approval was conditioned on execution of a Developer's Agreement containing a detailed schedule of site improvements, along with performance guarantees. The agreement included posting a performance *396 bond to insure installation of public improvements within two years at a cost of $102,088, and the posting of a cash performance bond of $10,208 with the township. Jerman entered into the agreement on March 28, 1985.
The Developer's Agreement provided in part:
WHEREAS, application for site plan approval and for a variance to allow 64 parking spaces (in lieu of the 108 required by the River Vale Zoning Ordinance) has been made by the developer for use of the premises .. . for the tenants mentioned in a resolution of approval adopted by the Planning Board on February 4, 1985; and
WHEREAS, the premises are located ... in an industrial district, which developer proposes to convert from a single-use occupancy to multiple-use occupancy; and
* * * * * * * *
WHEREAS, the BOARD on February 4, 1985, granted approval of the application subject to conditions, including conditions relating to the making of certain public and on-site improvements and the providing of performance guarantees therefore; and
WHEREAS, the DEVELOPER wishes to express by this agreement its acceptance of the conditions determined by the Board and its undertaking to make and perform the public and on-site improvements required; subject to inspection by the Township and to the terms and provisions of this agreement;
NOW, THEREFORE, IT IS AGREED:
1. The DEVELOPER shall, ... make and install all of the improvements (a) shown on the schedule made a part hereof, hereinafter called the "Site Improvement Schedule;" (b) shown on the site plan hereinabove mentioned; ...
2. All of the improvements referred to in paragraph 1 hereof shall be completed within two (2) years from the date of this agreement.
* * * * * * * *
19. It is agreed that any assignment hereof or sale of the premises in whole or in part, shall not operate to relieve the developer from the obligations hereunder, without the express written consent of the Planning Board and Township Council of the Township of River Vale.
The performance guarantee for the improvements was never posted and none of the improvements were ever installed.
In the first half of 1985 E & R apparently entered into the lease with Jerman for 3,065 square feet of unheated warehouse space to store office furniture. A copy of the first page of the lease in the appendix is undated, but indicates that the lease is for two years, commencing February 1, 1985. On February 8, *397 1985 E & R obtained a Certificate of Continued Occupancy (C.O.) for the 3,065 square feet of space it leased from Jerman. The C.O. was issued by defendant Herman Steenstra, the River Vale Construction Official. Jerman purchased the property on February 21, 1985 for $860,000.
On December 13, 1985 E & R contracted with Jerman to purchase the property in question for $1,500,000. The parties dispute whether E & R was aware of the site plan approval process while it was taking place in February 1985. In any event, the closing on the sale of the property to E & R took place on May 6, 1986. The day after E & R purchased the property, River Vale recorded the Developer's Agreement between Jerman and the township with the Bergen County Clerk in Deed Book 7007, at Page 970.
On May 20, 1986 Jerman requested return of its cash bond in the amount of $10,208. River Vale did not return the bond, and on March 12, 1987 declared Jerman in default of the Developer's Agreement. On June 11, 1987 Steenstra, River Vale's Construction Official, informed the planning board that E & R had applied for a Certificate of Continued Occupancy for the premises and that he was prepared to issue same. River Vale then instituted suit against E & R, Jerman, and its principals, as well as its own construction official.
Jerman, the prior owner, and E & R, the present owner of the property, asserted that they abandoned any rights which they may have derived as a result of the grant of the variance and the site plan approval, albeit without River Vale's written consent. They therefore moved for summary judgment. River Vale cross-moved to bifurcate the trial on the issues of liability and damages, to strike E & R's demand for a jury as to certain issues, and for certain other relief. On January 4, 1988 these motions were denied, except that the complaint was dismissed as to Jon Jerman individually. The pretrial order was amended to provide that the trial would proceed in stages, with the first *398 stage dealing only with the enforceability of the February 4, 1985 site plan resolution and related Developer's Agreement.
When the case came on for trial on the first stage issues, E & R and Jerman renewed their applications for summary judgment. The trial judge found that the operative facts were not in dispute, and granted their motions. The judge observed that River Vale was essentially seeking to enforce and obtain specific performance of the Developer's Agreement. He distinguished North Plainfield v. Perone, 54 N.J. Super. 1, 148 A.2d 50 (App.Div. 1959), certif. den. 29 N.J. 507, 150 A.2d 292 (1959), since that case involved whether an intervening use consistent with existing zoning design interrupts the chain of circumstances so as to defeat the right to resume the use originally sanctioned by an exception. The judge concluded that a constructive condition to the agreement existed so that the developers' duty to install the improvements was conditioned on his going ahead with the project itself. Since the project was abandoned, the time for going ahead had run out, and the condition had not been met, the judge considered the approval no longer in effect. The judge construed the agreement against its drafters, relying on Terminal Constr. Corp. v. Bergen Cty., 18 N.J. 294, 301, 113 A.2d 787 (1955); Fletcher v. Interstate Chemical Co., 94 N.J.L. 332, 110 A. 709 (S.Ct. 1920), aff'd o.b. 95 N.J.L. 543, 112 A. 887 (E. & A. 1921). He ordered the release of the $10,208 cash bond since the municipality had already been paid some $8,575 in connection with the variance and because no other parties claimed entitlement to the expenses for the abandonment of the zoning application.
The judge then prepared to move on to the next stage of the case which dealt with the second and fourth counts of the complaint along with the cross-claim against Steenstra. However, the parties entered into a stipulation of settlement and all of the remaining aspects of the case were dismissed without prejudice by an order filed on November 16, 1988. River Vale then filed an appeal from the judge's decision on the stage one *399 aspect and obtained a stay of the portion of the judgment which ordered the return of the cash performance bond to Jerman.
River Vale argues that the site plan conditions imposed on Jerman and the Developer's Agreement should be enforced against E & R as a transferee of the property. It relies on N.J.S.A. 40:55D-18 which reads in pertinent part:
In case any building or structure is erected, constructed, altered, repaired, converted, or maintained, or any building, structure or land is used in violation of the Act or of any ordinance or other regulation made under authority conferred hereby, the proper local authorities of the municipality or an interested party, in addition to other remedies, may institute any appropriate action or proceedings to prevent such unlawful erection, construction, reconstruction, alteration, repair, conversion, maintenance or use, to restrain, correct or abate such violation, to prevent the occupancy of said building, structure or land, or to prevent any illegal act, conduct, business or use in or about such premises.
Because the present owner proposes to occupy the entire 43,200 square feet and use the 3.41 acre land area without applying for site plan approval or a change of use approval, and without assuming the site plan improvements of the Jerman defendants, River Vale argues that they are in violation of the municipality's ordinances and resolutions. However, E & R does not assert that it need not comply with the Land Use Act or applicable ordinances and regulations, nor does it assert that it need not apply for a continued Certificate of Occupancy. Hence, we need not decide the appeal based on arguments addressed to these issues, particularly in light of the terms of the stipulation of dismissal. However, we do not consider a site plan approval as the equivalent of "any ordinance or other regulation."
The case of Sansone Oldsmobile-Cadillac, Inc. v. Board of Adjustment, Shrewsbury, 211 N.J. Super. 304, 511 A.2d 748 (Law Div. 1986), relied upon by River Vale, does not support its position. That case dealt with the attempt by an applicant to withdraw an application for a variance before what it knew would be an unfavorable decision was rendered. It thus sought to prevent the future application of res judicata principles. The Law Division under those circumstances upheld the refusal *400 of the board to allow withdrawal of the application. Sansone does not address the issue of enforcement of site plan conditions where the applicant or a successor in title had determined not to pursue the project for which site plan approval was sought and obtained. Hence, we find N.J.S.A. 40:55D-18 inapplicable to the abandonment of a site plan approval. The municipality is free to rescind the site plan approval in its entirety or to impose those conditions on any occupier of the land who seeks to obtain the benefit of the site plan approval. On the other hand, to the extent that E & R may be subject to the requirements for site plan approval and the obtaining of any additional Certificate of Continued Occupancy, the municipality is free to reasonably enforce its ordinances to the extent any violations exist or may occur.
In our view the trial judge correctly applied legal principles in concluding that the installation of the improvements contemplated by the Developer's Agreement as a condition of site plan approval was subject to an implied or constructive condition that those improvements were required only if the developer proceeded with the project contemplated by the application and approval. See Edwards v. Leopoldi, 20 N.J. Super. 43, 54, 89 A.2d 264 (App.Div. 1952), certif. den. 10 N.J. 347, 91 A.2d 671 (1952); Duff v. Trenton Beverage Co., 4 N.J. 595, 604-606, 73 A.2d 578 (1950). The Developer's Agreement was entered into as part of the approval process of Jerman's site plan application. Once his application had been abandoned, there was no need for the developer to proceed under the agreement and no burden placed on the municipality because of increased facilities or higher density use. Jerman gave up the benefits and the burdens of the agreement. Since the site plan is not going to proceed as proposed, the municipality may not enforce that agreement.
Under these circumstances, the board may, if it desires, rescind the site plan approval and variance. Cf. Costanza & Bertolino, Inc. v. The Planning Board, 360 Mass. 677, 277 *401 N.E.2d 511 (1971) (where covenants to complete ways and install services within two years is not satisfied, automatic rescission provision provided in the covenant is operative); Leventhal v. Dockser, 358 Mass. 799, 261 N.E.2d 64 (1970) (board may insist on expiration date and conditional approval in subdivision plan); New Windsor v. Inbro Development, 112 Misc.2d 983, 448 N.Y.S.2d 99 (S.Ct. 1982) (condition of performance bond not actuated where developer fails to commence work). Obviously, if the municipality determines to rescind the site plan approval, it may also rescind the related variance for parking spaces. Since the advantages gained by the approval are not sought by E & R, or available to it at present, there is no prejudice to the municipality by the failure of the developer to proceed with the improvements.
River Vale also argues that even absent the Developer's Agreement, and recognizing that E & R was not a party to it, nonetheless principles of res judicata should apply and be enforceable against a subsequent transferee of the property, relying on Hackensack v. Winner, 78 N.J. 404, 396 A.2d 591 (1978); Russell v. Tenafly Board of Adjustment, 31 N.J. 58, 155 A.2d 83 (1959), and Restatement, Judgments, § 83 (1942).
We reject River Vale's argument. E & R does not seek to apply for the same site plan approval with the same conditions previously attached. Indeed, E & R and Jerman have abandoned the prior site plan approval. Hence, the concept of res judicata does not apply to a new application.
Although it is not conceded by respondents, River Vale also argues that E & R had actual knowledge of the River Vale site plan requirements prior to their purchase of the property. River Vale argues that E & R had notice that a certificate of occupancy would not be issued unless the improvements were installed. Thus, River Vale argues that the Developer's Agreement is binding on E & R as Jerman's successor. Under River Vale's Land Use Ordinance, § 44A26, a change in a nonconforming use requires site plan approval. Since the previous *402 fertilizer and garden supply products business was nonconforming due to the 29% lot coverage (as opposed to permitted 25% coverage), River Vale takes the position that E & R may not use the entire 43,200 square foot building or any part of it without first acquiring site plan approval.
As noted, there appears to be a dispute about whether E & R's principal, Eugene Tietjen, attended any of the site plan application proceedings before the River Vale Planning Board. He has stated that he never attended such meetings. The minutes relating to the Jerman application do not seem to indicate that E & R was present. In any event, the issue of the necessity of site plan approval before occupancy of the building is a matter that was not embraced in the decision by the trial court in this matter in the first stage of the proceedings. It was the subject of the allegations of the fourth count of plaintiff's complaint. Under the stipulation of settlement the municipality undertook not to institute any proceedings for code violations against E & R until there was a decision by a court of civil jurisdiction. The issues encompassed by the fourth count of the complaint were covered by the stipulation of settlement and voluntary dismissal without prejudice. Since River Vale consented to this settlement and dismissal of that count of the complaint, it may not argue that issue on this appeal. See Infante v. Gottesman, 233 N.J. Super. 310, 318, 558 A.2d 1338 (App.Div. 1989). Simply stated, the issue is not before us on this appeal.
Finally, River Vale argues that Jerman agreed to take back a $100,000 mortgage in order to create a reserve for the purchaser in the event that the town required it to go through with the site plan work. Thus, River Vale argues that since the parties knew about the requirements of the site plan approval they should be required to complete those improvements. We have already noted and essentially rejected these contentions by River Vale.
*403 Accordingly, and without regard to any requirements for current site plan approval, and subject to the stipulation of settlement agreed to by the parties, the decision of the Law Division is affirmed.
NOTES
[1] As used herein "Jerman" refers only to the corporation, unless otherwise stated. The complaint was dismissed as to defendant Jon Jerman, individually, in a January 4, 1988 order amending the pretrial order. We entered an order on November 30, 1989 dismissing the appeal as to Jon Jerman Holding Company, without prejudice, due to the fact that bankruptcy proceedings were instituted by it.
[2] The 29% lot coverage was not the subject of the variance because the building was preexisting.